**DEERBROOK STATE BANK, et al., Plaintiffs,**

v.

**C. Todd CONOVER, Comptroller of the Currency, Defendant,**

**and**

**Dimension Financial Corporation, Intervenor-Defendant.**

**No. 83 C 4610.**

United States District Court, N.D. Illinois, E.D.

Aug. 9, 1983.

---

H. Boone Porter, III, Quinn, Jacobs, Barry & Miller, Chicago, Ill., Leonard J. Rubin, Becker, Gurman, Meyers, O'Brien & McGowan, Philip S. Corwin, Independent Bankers Ass'n of America, Washington, D.C., for plaintiffs.

Sandra M. Schraibman, Shalom Brilliant, J. Paul McGrath, Dept. of Justice, Civ. Div., L. Robert Griffin, Litigation Div., Comptroller of the Currency, Washington, D.C., Dan K. Webb, U.S. Atty. by Mary Anne Mason, Asst. U.S. Atty., Chicago, Ill., for defendant Comptroller.

Jeffrey S. Davidson, David K. Perdue, Gleam O. Davis, Kirkland & Ellis, Washington, D.C., Frank Cicero, Jr., Kirkland & Ellis, Chicago, Ill., for defendant Dimension.

## MEMORANDUM ORDER

BUA, District Judge.

The instant action was brought under the Bank Holding Company Act (BHCA), 12 U.S.C. § 1841 *et seq.* Plaintiffs seek to enjoin defendant Conover, the Comptroller of the Currency, from holding hearings and otherwise taking action on the applications of defendant Dimension Financial Corporation, a holding company, to charter 31 national banks. Before the Court is the plaintiffs' Motion for a Preliminary Injunction. For the reasons stated herein, the Motion for a Preliminary Injunction is denied.[1]

---

1. In lieu of a hearing, the parties have agreed to submit all materials and arguments relative to the preliminary injunction in written memorandum form.

Dimension seeks to establish 31 national banks and has filed applications to that effect with the Comptroller of the Currency under procedures set forth in 12 U.S.C. §§ 21 *et seq.* Under such procedures, persons seeking to organize a national bank must, *inter alia,* apply for and obtain from the Comptroller a certificate of authority, or charter, before banking may be commenced. 12 U.S.C. §§ 26, 27. Before approval is given, a hearing is normally held to determine the appropriateness of the application. Ordinarily, once the Comptroller determines that the organization of the proposed bank is appropriate, *preliminary* approval will be granted. Only once numerous conditions are fulfilled will a certificate of authority under 12 U.S.C. § 27 thereafter be issued.

Under 12 U.S.C. § 21, a national bank may only be formed by five or more "natural persons" and, consequently, may not be formed by a holding company. Additionally, under the BHCA, a bank holding company may not obtain ownership or control of a bank unless approval of the Federal Reserve Board (the Board) has first been obtained.

In the instant action, the Comptroller has scheduled public hearings on the applications for the week of August 8, 1983. The plaintiffs, Deerbrook State Bank and various Independent Banking Associations contend that before the Comptroller may take any steps towards granting charters to the proposed banks including the holding of hearings, either a declaration from the Board that the BHCA does not apply to the Dimension proposal or permission from the Board to obtain the proposed banks must first be obtained. According to the plaintiffs, it is Dimension's position that the BHCA does not apply to the instant applications because the proposed banks will not engage in commercial lending. The BHCA only applies to institutions which, *inter alia,* "[engage] in the business of making commercial loans." 12 U.S.C. § 1841(c). The

plaintiffs seek a preliminary injunction to prevent the Comptroller from holding the scheduled hearings or taking any other steps toward chartering the proposed institutions.

■ The issue presently before the Court is not whether a decision by the Board is required before the Comptroller may issue a charter to the proposed institution, but whether such a decision must be made before the Comptroller takes any steps whatsoever toward certification. Clearly, the issue of whether there has been a violation of the BHCA rests within the exclusive jurisdiction of the Board. *Whitney National Bank v. Bank of New Orleans and Trust Co.,* 379 U.S. 411, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965). When the Board receives an application under the BHCA, as plaintiffs have filed in the instant case, it is required to give notice to the Comptroller. 12 U.S.C. § 1842(b). Where Board approval is required, the Comptroller is bound to condition the granting of the charter on subsequent Board approval. *Gravois Bank v. Board of Governors of the Federal Reserve System,* 478 F.2d 546 (8th Cir.1973). If the Comptroller does issue a charter before a substantial BHCA question has been decided, an injunction clearly may issue until the Board has reached its decision. *American Bank of Tulsa v. Smith,* 503 F.2d 784 (10th Cir.1974).

In the instant case, no charter has been issued by the Comptroller, nor is there any threat that any charter will issue in the near future or before several procedural steps are taken. Indeed, at this juncture, there is no indication that even a *preliminary* charter will be granted. The only occurrence which will happen, should no preliminary injunction issue, is the holding of a long-scheduled, week-long hearing which, incidentally, was requested by the plaintiffs.[2]

In order to grant a preliminary injunction, the Court must determine that plaintiffs have shown that:

---

2. Since requesting that the Comptroller hold hearings on the propriety of the proposed institutions, the plaintiffs, after being scheduled to

appear at such hearings, have withdrawn from participation therein.

(1) they have at least a reasonable likelihood of success on the merits;

(2) they will be irreparably harmed and have no adequate remedy at law;

(3) the threatened injury to them outweighs the threatened harm the preliminary injunction may cause the defendants; and,

(4) the granting of the preliminary injunction will not disserve the public interest.

*Syntex Ophthalmics, Inc. v. Tsuetaki,* 701 F.2d 677, 681 (7th Cir.1983); *O'Conner v. Board of Education,* 645 F.2d 578, 580 (7th Cir.). According to the Seventh Circuit Court of Appeals, "A preliminary injunction is an extraordinary remedy, available only to plaintiffs who carry the burden of persuasion as to all four factors." *Signode Corp. v. Weld-Loc Systems, Inc.,* 700 F.2d 1108, 1111 (7th Cir.1983). Within the constraints of such factors, decisions to grant or deny injunctive relief rest within the sound discretion of the district court. *Wesley-Jessen Division of Schering Corporating v. Bausch & Lomb Incorporated,* 698 F.2d 862, 864 (7th Cir.1983).

The plaintiffs have failed to show that they have even a reasonable likelihood of success on the merits of the instant lawsuit. Were the issue before this Court whether the Comptroller may issue a charter to the proposed institutions before the Board has decided issues exclusively within its jurisdiction, a different result would clearly be warranted. *See, e.g., Whitney, supra, Marshall & Isley Corp. v. Heimann,* 652 F.2d 685 (7th Cir.1981); *American Bank of Tulsa, supra.* However, the issue before this Court, plainly stated, is whether the Comptroller can be enjoined from taking any steps whatsoever, including deciding issues which are particularly within his jurisdiction, while substantial BHCA issues remain outstanding. This Court does not believe that, at this juncture in the Comptroller's proceedings, the plaintiffs have shown there is a reasonable likelihood of their ultimate success on this issue.

Contrary to the plaintiffs' arguments, denial of the requested preliminary injunction, or of any injunction, is not tantamount to placing the Court's imprimatur on the Comptroller's overstepping of the bounds of his authority. Indeed, the Supreme Court has noted that the Comptroller's function in these proceedings is in "addition to" and therefore not inconsistent with that of the Board. *Whitney National Bank v. Bank of New Orleans and Trust Co.,* 379 U.S. 411, 419–420, 85 S.Ct. 551, 557, 13 L.Ed.2d 386 (1965). Furthermore, while the Comptroller could be precluded from issuing a final charter until it was determined whether there was a violation of some other law, 379 U.S. at 426 fn. 7, 85 S.Ct. at 560, fn. 7, it has been recognized that even if the Comptroller did act, it would not affect the power of the Board to take such action as was indicated. *American Bank of Tulsa v. Smith,* 503 F.2d 784, 788 (10th Cir.1974). Clearly the Comptroller has a substantial role in the certification of the proposed institutions. At this point in the certification proceedings, the plaintiffs have failed to show that the comptroller has or will exceed that role such that the issuance of an injunction would be warranted.

Because of the preliminary stage of the Comptroller's proceedings, the plaintiffs have not only failed to demonstrate a reasonable likelihood of success on the merits, but have also failed to demonstrate that they will be irreparably harmed if no preliminary injunction is issued.

The injuries which the plaintiffs claim will occur involve the harm which they will suffer as a result of increased competition should the proposed institutions be approved as well as the cost and burden of maintaining parallel litigation.[3] As to the latter "injury," while the Court can appreciate the plaintiffs' concern with avoiding duplicative litigation, participation in such litigation does not rise to the level of irrep-

**3.** In light of the *Whitney* Court's characterization of the FRB's actions as additional to those of the Comptroller, the Court must question the plaintiff's characterization of the FRB proceedings as parallel to and duplicating the Comptroller's. 379 U.S. at 419–420, 85 S.Ct. at 557.

arable harm. *Federal Trade Commission v. Standard Oil Co. of California,* 449 U.S. 232, 244, 101 S.Ct. 488, 495, 66 L.Ed.2d 416 (1980).

As to the claim that the plaintiffs will be harmed by anticipated increased competition, at this juncture, such harm is far too speculative to warrant the granting of a preliminary injunction. As the Court has already noted, numerous procedures must be followed and various conditions must be met before a certificate to do business could possibly be issued. In the interim, the Board should have sufficient opportunity to rule on the issues before it. If it rules against Dimension, the Comptroller would not be permitted to issue a charter. Furthermore, even if the Board rules in favor of Dimension, the very real possibility exists that the Comptroller's ruling will be adverse to Dimension. Clearly, any anticipated harm is purely speculative. Unlike the situation presented in *American Bank of Tulsa,* there is no immediate threat to the plaintiffs or to the Board's jurisdiction or the overall Congressional scheme which would warrant the issuance of the requested preliminary injunction. Where the possibility of harm is distant and speculative, preliminary injunctive relief should be denied. *See, e.g., American Hospital Association v. Harris,* 625 F.2d 1328, 1332 n. 3 (7th Cir.1980); *American Medicorp, Inc. v. Continental Illinois National Bank and Trust Co.,* 475 F.Supp. 5, 7 (N.D.Ill.1977).

*Conclusion*

Because the plaintiffs have failed to show that they have a reasonable likelihood of succeeding on the merits of obtaining a permanent injunction enjoining the Comptroller from taking any preliminary steps, including the holding of a hearing, toward granting Dimension the requested charters, and because they have failed to show that they will be irreparably harmed should no preliminary injunction issue, the plaintiffs' Motion for a Preliminary Injunction is denied.

IT IS SO ORDERED.